PROYOSTY, J.
Defendant being an absentee, plaintiff proceeded by substituted process of appointment of curator ad hoc and attachment. The affidavit 'for the attachment was made by the attorney. The bond proved to be insufficient in amount — $8,000, instead of $8,077.09 — and defendant moved for dissolution on that ground. The discrepancy resulted, it is said, from a miscalculation of the interest. Plaintiff thereupon filed a supplemental petition, alleging that by error of counsel the amount claimed in the petition and sworn to in the affidavit for attachment was more by $731.25 than was due and intended to be claimed by plaintiff, and that it should be reduced accordingly. The case as it thus stood — i. e., upon the motion to dissolve, taken in connection with the supplemental petition reducing the amount sued for — was fixed for trial, and on the day fixed was duly tried, and the motion to dissolve was sustained; and plaintiff has appealed.
Plaintiff offered no evidence to show the alleged error, and as the case stands upon the record before this court nothing shows that there was error. The suit is on a promissory note, and a credit is said to have been duly indorsed on the note; but the note was neither annexed to the petition nor introduced in evidence. The original petition is sworn to. The amended petition is not. The note, or a note purporting to be the note, sued on, has been included in the transcript, but improperly so, since it forms no part of the record. We believe every statement made by the learned counsel for plaintiff in argument ; but this court can base its action only upon the record.
True, in his written reasons for judgment in refusing plaintiff’s motion for a new trial, the learned judge a quo appears to have pitched his decision solely on the ground that the insufficiency of the bond was fatal to the attachment, even on the supposition of its having resulted from an error of counsel ; but the decision, whether right or wrong on that ground (a question as to which we express no opinion), is certainly right upon the case as presented by the record.
Judgment affirmed.